UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JORGE A. GONZALEZ,
and other similarly-situated individuals,

      Plaintiff,

v.

TURNER CONSTRUCTION COMPANY, and
KIEWIT INFRASTRUCTURE SOUTH CO.
d/b/a TURNER – KIEWIT JOINT VENTURE

      Defendant,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JORGE A. GONZALEZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant TURNER CONSTRUCTION COMPANY, and KIEWIT INFRASTRUCTURE SOUTH CO., d/b/a TURNER – KIEWIT JOINT VENTURE, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages, and retaliatory damages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff JORGE A. GONZALEZ is a resident of Polk County, Florida within the jurisdiction of this Court. The Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant TURNER CONSTRUCTION COMPANY, and KIEWIT INFRASTRUCTURE SOUTH CO., perform business under the common fictitious name of TURNER – KIEWIT JOINT VENTURE. The Defendant was engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, the Defendant TURNER CONSTRUCTION COMPANY and KIEWIT INFRASTRUCTURE SOUTH CO., are a joint enterprise and joint employers of Plaintiff. Hereinafter Defendant TURNER CONSTRUCTION COMPANY and KIEWIT INFRASTRUCTURE SOUTH CO. will be called collectively TURNER–KIEWIT JV.

5. Defendant TURNER–KIEWIT JV is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this complaint took place in Orlando, Orange County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

7. This cause of action is brought by Plaintiff JORGE A. GONZALEZ as a collective action to recover from Defendant unpaid regular wages, overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2020, (the "material time") without being properly compensated.

8. The Defendant TURNER CONSTRUCTION COMPANY and KIEWIT INFRASTRUCTURE SOUTH CO. have formed a joint venture under the name of TURNER – KIEWIT JOINT VENTURE (hereinafter TURNER–KIEWIT JV) to develop the Orlando International South Airport Terminal C project. TURNER–KIEWIT JV is the prime contractor and is jointly liable with subcontractors at any level, for the payment of wages of all employees working at Orlando International South Airport Terminal C project, in which Plaintiff worked.

9. Plaintiff worked under the supervision of superintendent Joe Mulford and Kiewit's project manager David LNU.

10. The Defendant TURNER–KIEWIT JV employed Plaintiff JORGE A. GONZALEZ, as a non-exempted, full-time, hourly employee from approximately January 01, 2020, to September 22, 2020, or 38 weeks. However, for FLSA purposes Plaintiff's relevant time of employment is 29 weeks.  Plaintiff did not work overtime after July 27, 2020, and due to a medical emergency, he did not work 1 week on or about January 2020.

11. The Plaintiff was hired as a carpenter and concrete finisher, and he worked in the construction of trench drain systems at Orlando International South Airport Terminal C project.  Plaintiff was paid a wage rate of $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

12. From his date of hiring to July 27, 2020, the Plaintiff worked weeks of 6 days per week. Plaintiff had a very regular schedule. In wintertime, the Plaintiff worked from Monday to Friday from 7:00 AM to 5:30 PM, (10.5 hours daily); and on Saturdays from 7:00 AM to approximately 1:00 PM. In the summertime, the Plaintiff worked from Monday to Friday, from 6:00 AM to 4:00 PM (10.5 hours daily); and on Saturdays, the Plaintiff worked from

6:00 AM to 12:00 PM (6 hours). Regardless of the season, the Plaintiff completed 56 hours every week. (Plaintiff has already deducted 30 minutes of lunch that he took for 5 days, or 2.5 lunch hours weekly).

13. Plaintiff regularly worked 56 hours every week. However, he was not paid for all his working hours. For a substantial number of weeks, Plaintiff was not paid for 40 regular hours, and he was not paid for overtime hours. Every week the Plaintiff received a different amount in payment for the same number of hours worked.

14. The Plaintiff worked more than 40 hours per week, but he did not receive his regular and complete payment for regular and overtime wages, as required by the FLSA.

15. The Plaintiff did not clock in and out, but he signed a timesheet. Sometimes, the Plaintiff was not able to sign any timesheet. The Defendant always was able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals. Every day, Plaintiff and all other similarly situated individuals reported at 6:40 AM or 5:40 AM, at a certain point to be transported to the worksite in the South Airport Terminal C project. At the end of his shift, Plaintiff and other similarly situated individuals were also transported back to their pick-up point, which means that Defendant was in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. The Plaintiff was paid by direct deposits without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc. Plaintiff did not have access to check the number of his days and hours worked.

18. The Plaintiff disagreed with the lack of payment for regular and overtime hours and he complained multiple times to his superintendent Joe Mulford.  At least on one occasion, the Plaintiff complained and made threats of going to Turner's offices to complain about his missing wages, and he was paid the missing hours for that week.

19. On or about September 22, 2020, the Plaintiff complained to superintendent Joe Mulford because he was being paid for less than 40 hours, there was an argument and as a result, Plaintiff was fired by the Defendant.

20. The Plaintiff is not in possession of time and payment records, and it will be impossible for him to provide the exact amount of wages that he is entitled to be paid. Nevertheless, Plaintiff will provide a good faith estimate unpaid overtime based on 29 weeks with 56 working hours each. Plaintiff also will provide an estimate of unpaid regular wages for 8 weeks with an average of 32 regular hours paid and 8 regular hours unpaid.  After Defendant provides time and payment records, the Plaintiff will amend his Statement of Claim to reflect the real number of regular and overtime unpaid wages.

21. Plaintiff JORGE A. GONZALEZ seeks to recover any unpaid regular wages and overtime hours, accumulated during all his relevant time of employment, liquidated damages, retaliatory damages, and any other damages, as allowable by law.

22. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular wages,

Case 6:20-cv-01897-RBD-GJK Document 1 Filed 10/14/20 Page 6 of 20 PageID 6

or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty in a week period.

23. During his employment with Defendant, Plaintiff also suffered discrimination, and he is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

24. Plaintiff JORGE A. GONZALEZ re-adopts every pertinent and factual allegation, as stated in paragraphs 1-22 above as if set out in full herein.

25. This action is brought by Plaintiff JORGE A. GONZALEZ and those similarly-situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. The employer TURNER–KIEWIT JV was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company working in the construction of the Orlando International South Airport Terminal C project. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to

Page **6** of **20**

customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always more than $500,000 per annum. Therefore, there is enterprise coverage.

27. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working in the construction of an international airport and by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

28. The Defendant TURNER–KIEWIT JV employed Plaintiff JORGE A. GONZALEZ, as a non-exempted, full-time, hourly employee from approximately January 01, 2020, to September 22, 2020, or 38 weeks. However, for FLSA purposes Plaintiff's relevant time of employment is 29 weeks.  Plaintiff did not work overtime after July 27, 2020, and due to a medical emergency, he did not work 1 week on or about January 2020.

29. The Plaintiff was hired as a carpenter and concrete finisher, and he worked in the construction of trench drain systems.  Plaintiff was paid a wage rate of $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

30. From his date of hiring to July 27, 2020, or 29 weeks, the Plaintiff regularly worked 6 days per week with 56 working hours. Plaintiff has already deducted 30 minutes of lunch that he took for 5 days, or 2.5 lunch hours weekly.

31. Plaintiff regularly worked 56 hours every week. However, he was not paid for all his overtime hours. Every week the Plaintiff received a different amount in payment for the same number of hours.

32. The Plaintiff worked more than 40 hours per week, but he did not receive his regular and complete payment for regular and overtime wages, as required by the FLSA.

33. The Plaintiff did not clock in and out, but most of the time he signed a timesheet and the Defendant was able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals. Every day, Plaintiff and all other similarly situated individuals reported at 6:40 AM or 5:40 AM, at a certain point to be transported to the worksite in the South Airport Terminal C project.  At the end of his shift, Plaintiff and other similarly situated individuals were also transported back to their pick-up point, which means that Defendant was in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. The Plaintiff was paid by direct deposits without any paystub or record showing his classification, the number of days and hours worked, wage rate, employment taxes withheld, etc. Plaintiff did not have access to check his days and hours worked.

36. The records, if any, concerning the number of hours worked by Plaintiff JORGE A. GONZALEZ, and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of the Defendant.  However, upon

information and belief, Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

37. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

38. The Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as time and payment records could dictate. After proper discovery, Plaintiff will amend his Statement of Claim.

    a.  <u>Total amount of alleged unpaid wages</u>:

       Fifteen Thousand Three Hundred Twelve Dollars and 00/100 ($15,312.00)

    b.  <u>Calculation of such wages</u>:

       Total Period of employment:  38 weeks
       Relevant weeks of employment: 29 weeks
       Total number of hours worked: 56 weekly
       Total number of unpaid overtime hours: 16 O/T hours weekly
       Regular rate: $22.00 an hour x 1.5=$33.00 O/T
       Overtime rate: $33.00

       O/T $33.00 x 16 O/T hours=$528.00 weekly x 29 weeks=$15,312.00

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents the unpaid overtime compensation.

40. At all times, the Employer/Defendant TURNER-KIEWIT JV failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made

by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

41. Defendant TURNER-KIEWIT JV knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

42. Defendant TURNER-KIEWIT JV willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of the Plaintiff's employment with Defendant.

43. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JORGE A. GONZALEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JORGE A. GONZALEZ and other similarly situated individuals and against the Defendant TURNER-KIEWIT JV based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff JORGE A. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

44. Plaintiff JORGE A. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

45. This action is brought by Plaintiff JORGE A. GONZALEZ and those similarly-situated to recover from the Employer TURNER-KIEWIT JV unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

46. The employer TURNER-KIEWIT JV was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

47. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate

commerce, by working in the construction of an international airport and by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

48. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

49. The Defendant TURNER–KIEWIT JV employed Plaintiff JORGE A. GONZALEZ, as a non-exempted, full-time, hourly employee from approximately January 01, 2020, to September 22, 2020, or 38 weeks. However, for FLSA purposes Plaintiff's relevant time of employment is 29 weeks.  Plaintiff did not work overtime after July 27, 2020, and due to a medical emergency, he did not work 1 week on or about January 2020.

50. The Plaintiff was hired as a carpenter and concrete finisher, and he worked in the construction of trench drain systems.  Plaintiff was paid a wage rate of $22.00 an hour.

51. From his date of hiring to July 27, 2020, the Plaintiff regularly worked weeks of 6 days with 56 hours per week. Plaintiff has already deducted 30 minutes of lunch that he took for 5 days, or 2.5 lunch hours weekly.

52. Plaintiff regularly worked 56 hours every week. However, for a substantial number of weeks, Plaintiff was not paid for every hour that he worked. Every week the Plaintiff received a different amount in payment for the same number of hours worked.

53. In the period from July 28, 2020, to September 22, 2020, or 8 weeks, the Plaintiff was not paid for an average of 8 regular hours every week.

54. The Plaintiff worked 40 hours or more per week, but he did not receive his regular and complete payment for every hour worked, there is a substantial number of working hours that never were paid to Plaintiff at any rate, not even the minimum wage rate, as required by the FLSA.

55. The Plaintiff did not clock in and out, but the Defendant was able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals, but the Defendant was in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

56. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

57. The Plaintiff was paid by direct deposits without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc. Plaintiff did not have access to check his days and hours worked.

58. The records, if any, concerning the number of hours worked by Plaintiff JORGE A. GONZALEZ, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

59. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

60. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

61. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

    *Plaintiff regular wage-rate was $22.00 an hour. Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.
    *In these calculation Plaintiff is including only the last 8 weeks of employment with Defendant. After proper discovery, Plaintiff will amend his Statement of Claim to reflect any unpaid regular wages during his entire period of employment.

    a.  Total amount of alleged unpaid wages:

        Five Hundred Forty-Seven Dollars and 84/100 ($547.84)

    b.  Calculation of such wages:

        Total Period of employment:  38 weeks
        Relevant weeks of employment: 8 weeks
        Total number of hours worked: 40 weekly
        Total number of unpaid regular hours: 8 regular hours weekly
        Regular rate: $22.00 an hour
        Florida minimum wage 2020: $8.56 an hour.

        $8.56 x 8 hours weekly=$68.48 x 8 weeks=$547.84

    c.  Nature of wages:

        This amount represents unpaid minimum wages at Florida minimum wage rate.

62. Defendant TURNER-KIEWIT JV knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair

Labor Standards Act and remains owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

63. Defendant TURNER-KIEWIT JV willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendant as set forth above.

64. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE A. GONZALEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JORGE A. GONZALEZ and against the Defendant TURNER-KIEWIT JV based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JORGE A. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS**

65. Plaintiff JORGE A. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

66. The employer TURNER-KIEWIT JV was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company that provides its services to companies engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

67. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working in the construction of an international airport and by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

68. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

69. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

70. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

71. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

72. The Defendant TURNER–KIEWIT JV employed Plaintiff JORGE A. GONZALEZ, as a non-exempted, full-time, hourly employee from approximately January 01, 2020, to September 22, 2020, or 38 weeks. However, for FLSA purposes Plaintiff's relevant time of employment is 29 weeks.  Plaintiff did not work overtime after July 27, 2020, and due to a medical emergency, he did not work 1 week on or about January 2020.

73. The Plaintiff was hired as a carpenter and concrete finisher, and he worked in the construction of trench drain systems.  Plaintiff was paid a wage rate of $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

74. From his date of hiring to July 27, 2020, the Plaintiff worked weeks of 6 days per week. 56 hours every week.  (Plaintiff has already deducted 30 minutes of lunch that he took for 5 days, or 2.5 lunch hours weekly).

75. Plaintiff regularly worked 56 hours every week. However, he was not paid for all his working hours. For a substantial number of weeks, Plaintiff was not paid for 40 regular hours, and he was not paid for overtime hours. Every week the Plaintiff received a different amount in payment for the same number of hours worked.

76. The Plaintiff worked more than 40 hours per week, but he did not receive his regular and complete payment for regular and overtime wages, as required by the FLSA.

77. The Plaintiff did not clock in and out, but the Defendant was able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

78. Therefore, Defendant willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

79. The Plaintiff was paid by direct deposits without any paystub or record showing the number of days and hours worked, wage rate, employment taxes withheld, etc. Plaintiff did not have access to check his days and hours worked.

80. The Plaintiff disagreed with the lack of payment for regular and overtime hours and he complained multiple times to his superintendent Joe Mulford.

81. These complaints constituted protected activity under the FLSA.

82. On or about September 22, 2020, the Plaintiff complained to superintendent Joe Mulford because he was being paid for less than 40 hours.

83. This complaint constituted protected activity under the FLSA.

84. However, because of the Plaintiff's multiple complaints, Plaintiff was fired by the Defendant.

85. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

86. There is close proximity between Plaintiff's protected activity and his termination.

87. The motivating factor which caused the Plaintiff's discharge as described above was his complaints seeking unpaid overtime and regular wages from the Defendant.  In other words, the Plaintiff would not have been discharged but for his complaints about unpaid wages.

88. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

89. Plaintiff JORGE A. GONZALEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JORGE A. GONZALEZ respectfully requests that this Honorable Court:

A. Enter judgment against Defendant TURNER-KIEWIT JV, that Plaintiff JORGE A. GONZALEZ recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendant TURNER-KIEWIT JV to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff JORGE A. GONZALEZ further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff JORGE A. GONZALEZ demands trial by a jury of all issues triable as of right by a jury.

Dated: October 14, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502

zep@thepalmalawgroup.com
*Attorney for Plaintiff*